Cop [illegible handwriting]

**IN THE SUPERIOR COURT
OF GUAM**

THE PEOPLE OF GUAM,                    )        CRIMINAL CASE No. CF 0165-12
                                       )
                                       )
        v.                             )
                                       )        **DECISION AND ORDER**
                                       )        On Defendant's Motion for Diversion
VINCENT JOHN MENO,                     )
                                       )
                Defendant.             )
_____)

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on August 1, 2012 on Defendant's Motion for Diversion. The People of Guam were represented by Assistant Attorney General Lisa Hack. The Defendant was represented by Assistant Public Defender Richard Dirkx. Having reviewed the memorandum and papers presented, the court now issues the following decision granting Defendant's Motion for Diversion.

## FACTUAL HISTORY

The Defendant has been charged with one count of felony *Terrorizing* and one count of misdemeanor *Family Violence* arising out of acts allegedly committed on March 9, 2012. The Defendant timely filed a Motion for Diversion, which the People oppose on both legal and factual grounds. The People's legal opposition is based upon the argument that the recent amendment to Guam's Family Violence Act denies a defendant entry into the diversion program after March 28, 2012. However, in *People v. Camacho*, CM1175-11, this Court held that the date of commission of the alleged crime is dispositive in determining a defendant's eligibility. Any defendant charged with crimes allegedly committed prior to March 28, 2012 whom is not otherwise statutorily ineligible may enter diversion. As this holding applies to the Defendant, only the People's factual opposition to the Motion for Diversion need be

considered.

The People provide two reasons for factually opposing the Defendant's Motion for Diversion: (1) "the Defendant's significant criminal history," and (2) "the serious nature of this offense." The Family Violence Act gives the People the discretion to deny an eligible defendant entry into diversion based upon purely factual grounds. Upon the Government's denial of diversion, the law also permits a defendant to motion the court for an independent determination of eligibility. In assessing eligibility, the Court need not give deference to the decision of the Prosecutor, but must instead consider three factors:  (1) the nature and extent of the injury inflicted upon the victim, (2) any prior incidents of family violence by the defendant, and (3) any factors which would adversely influence the likelihood of successful completion of the diversion agreement. 9 G.C.A. §30.80.2 (1994) (amended 2011). In reviewing the statutory factors, the intent of the law, and the Defendant's past criminal history, this court does not find sufficient factual grounds for denying the Defendant entry into the diversion program.

## DISCUSSION

The Defendant is legally eligible to enter diversion, but the People have denied diversion based upon factual grounds. The People contend that "the Defendant's significant criminal history," and "the serious nature of this offense" provide sufficient evidence that the Defendant is "not a good candidate for a treatment-based resolution." In support of their position, the People do not discuss previous cases, but state only that the Defendant was "violently throwing items around the kitchen" during the alleged crimes at issue and that he made verbal threats that placed the victim in fear for her life. No other factual evidence is offered by the People in support of their position that the Defendant would not benefit from entering the treatment-based diversion program.

The People are not obligated to offer diversion. The Family Violence Act requires only that the Prosecutor "determine whether the defendant is ineligible for diversion by reason of any of the factors set forth" in the law and where the defendant remains eligible, that "the prosecutor *shall* notify the defendant." 9 G.C.A. §30.80 (1994) (amended 2011). If the People deny diversion, whether based upon a legal and/or factual basis, the defendant can motion the court to make an independent determination of eligibility. In the present case, the People provide scant support for their decision to deny the Defendant the opportunity to enter diversion. The court must instead rely on three factor analysis mandated by the Family Violence Act.

## I. *The Nature and Extent of the Injury Inflicted*

No physical injuries resulted from the alleged altercation between the Defendant and the Victim, whom is the Defendant's mother. The Defendant has been accused of getting in a verbal argument with his mother while they were eating in the family kitchen. As the argument escalated, the Defendant is said to have thrown his soup to the floor, hit the refrigerator more than once, and then to have removed items from the refrigerator and also thrown these items onto the kitchen floor. Finally, the Defendant is said to have yelled, "All of you, I will kill all of you."

The extent of the injury inflicted was the fear that the Defendant created in the Victim. Accordingly, the Defendant was properly charged with misdemeanor *Family Violence* for "Placing a family or household member in fear of bodily injury." 9 G.C.A. §30.10 (a)(2) (2011). While the court does not minimize the fear that the Victim undoubtedly felt, the fact that the altercation did not result in physical injury is not insignificant. The lack of physical injury indicates that the alleged offense was not of such a "serious nature" that the Defendant could not benefit from a treatment-based program. Instead, the extent of the injury inflicted is minimal enough that it should not act as a bar for entry into the diversion program.

## II. *Prior Incidents of Family Violence*

The court looks first to the Family Violence Act to determine whether a defendant's previous cases must be considered in analyzing any known, prior incidents of violence. Not all previous cases are of interest to the court as, for example, a defendant's traffic violations or a civil case, have no bearing upon an assessment of a history of violence. The Act enumerates four reasons that a defendant is statutorily ineligible for diversion: (1) a felony conviction with the past seven years for any offense involving violence, (2) a previous diversion within five years of the current charges, (3) a sentence for a violation of a family violence court order within one year of the alleged commission of the current charges, or (4) if the current charges also involve serious bodily injury to the victim or a concurrent charge of criminal sexual conduct. 9 G.C.A. §30.80 (1994) (amended 2011). Using these ineligibility factors as a guide, the court examines only felony convictions involving violence, any previous participation in diversion, and all previous cases involving serious bodily injury or criminal sexual conduct.

The Defendant has no previous cases that meet the ineligibility criteria. The Defendant does have a criminal history and has previously pled guilty to cases involving family violence, assault, and criminal sexual conduct. The most recent of these cases, however, is almost ten years old. The Defendant has no recent criminal activity, nor a recent case involving physical injury to the Victim. As the legislature did not intend to deny other defendants entry into diversion based upon similar factual circumstances, there is no compelling reason why this court should deny this Defendant the same opportunity.

## III. *The Likelihood of Successful Completion of Diversion*

No evidence has been presented as to the Defendant's likelihood of successful completion of diversion. The recent amendment to the Family Violence Act, which changed the diversion

program to a deferred plea agreement, has also changed the eligibility requirements for entering the treatment-based probationary program. Defendants seeking a deferred plea agreement are now ineligible for a deferred plea if they have ever previously accepted either diversion or a deferred plea in any family violence case. The waiver for cases involving felony violence that occurred more than seven years ago and the waiver for previous diversions granted more than five years ago have been intentionally removed by the Legislature.

Where a defendant is statutorily eligible to enter either diversion or a deferred plea agreement, that defendant will be presumed to be capable of successfully completing the program barring evidence to the contrary. The legislative history supporting the intentional change in the Family Violence Act's eligibility requirements suggests that the strongest indicator of an inability to successfully complete either treatment-based program is a previous failure in that same program. The Defendant has not previously entered diversion and no evidence has been offered to suggest that he could not successfully complete the diversion program.

The Defendant is a viable candidate for the diversion program. The case currently before the court involves no physical injury to the victim and, accordingly, the nature and extent of the injury inflicted cannot reasonably support barring the Defendant from entering diversion. Similarly, the Defendant's relevant previous criminal history, which failed to make the Defendant statutorily ineligible for diversion, is more than ten years old and does not suggest that the Defendant is a repeat offender who should no longer be afforded the opportunity to enter a treatment-based program. Finally, no evidence has been presented that would suggest the Defendant would not successfully complete diversion. Like all other defendants who enter either diversion or a deferred plea agreement, the Defendant will be placed on probation and will be expected to regularly report to this Court and his probation officer, to attend and participate in all

assigned treatment sessions, to follow all court orders, and to refrain from hurting the victim or engaging in any violent behavior. It is the Defendant's choice whether he will make the most of the diversion program, but this Court has found no reason to deny him the opportunity.

## CONCLUSION

Based on the foregoing, the court finds that the Defendant is neither legally nor factually ineligible to enter the diversion program. Accordingly, the court GRANTS Defendant's Motion for Diversion.

SO ORDERED, this 30 day of August 2012.

Original Signed By:
HON. MICHAEL J. BORDALLO

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full, true, and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

AUG 31 2012

James R. Borja
Deputy Clerk, Superior Court of Guam